UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
JOSE LAO, individually and on behalf of all others similarly
situated,

                              Civil Action No.

                 Plaintiff,

                              COMPLAINT

              -against-

MR. CAR WASH OF EAST ORANGE, INC., MR. CAR
WASH OF IRVINGTON, INC., AND DAVID "DOE" [LAST
NAME UNKNOWN],

                     Defendants.
------------------------------------------------------------------------X

       Plaintiff Jose Lao ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Mr. Car Wash of East Orange, Inc. ("MCWEO"), Mr. Car Wash of Irvington, Inc. ("MCWI"), and  David "Doe" [Last Name Unknown] ("David") (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

       1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL").

       2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.    This Court has supplemental jurisdiction over the claims arising under the NJWHL and the NJWPL, pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the State of New Jersey.

6.      At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2.

7.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      Defendant MCWEO is a domestic limited liability company with its principal place of business located at 150 Central Avenue, East Orange, New Jersey 07018.

9.      Defendant MCWI is a domestic limited liability company with its principal place of business located at 880 Clinton Avenue, Irvington, New Jersey 07111.

10.     Defendant David is an individual residing, upon information and belief, in the State of New Jersey.

11.     At all relevant times, David was, and still is, an officer, director, shareholder and/or person in control of MCWEO and MCWI, who exercises significant control over the companies' operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

12.     At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

13.     At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

14.     At all relevant times, Defendants were responsible for compensating Plaintiff.

15.     Defendants are joint employers who jointly managed, supervised, hired, fired, controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

16.     At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NJWHL.

17.     Defendants are covered employers within the meaning of the FLSA and the NJWHL and, at all relevant times, employed Plaintiff.

18.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of the minimum required to fall within the jurisdiction of the FLSA.

19.     Defendants operate in interstate commerce.

20.     Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

21.     The First and Third Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

22.     The FLSA Collective Plaintiffs consist of no less than eight (8) similarly situated current and former employees of Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation and other wages.

23.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees minimum wages and the applicable overtime rates for all hours worked in excess of forty (40) per week.

24.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

25.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

26.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

27.     Plaintiff was employed by Defendants as a car wash assistant from in or around September 2015 until on or around June 7, 2020; and then again from in or around September 2020 until in or around November 2020.

28.     As a car wash assistant, Plaintiff's principal job duties included, *inter alia*, washing, drying, detailing cars, and cleaning the car wash facility.

29.     From in or around September 2015 until on or around June 7, 2020, Plaintiff was employed by Defendants as a car wash assistant at the MCWEO location.

30.     From in or around March 2020 until in or around April 2020, Plaintiff was unable to work for Defendants as the MCWEO location was closed during this period due to the COVID-19 pandemic.

31.     From in or around September 2015 until on or around June 7, 2020, Plaintiff regularly worked Mondays through Sundays from approximately 8:00 a.m. until approximately 7:00 p.m., for a total of approximately seventy-seven (77) hours worked per week.

32.     From in or around September 2020 until in or around November 2020, Plaintiff was employed by Defendants as a car wash assistant at the MCWI location.

33.     From in or around September 2020 until in or around November 2020, Plaintiff regularly worked Mondays through Sundays from approximately 8:00 a.m. until approximately 7:00 p.m., for a total of approximately seventy-seven (77) hours worked per week.

34.     Throughout his employment with Defendants, Plaintiff was not afforded meal or rest breaks.

35.     Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

36.     From in or around September 2015 until in or around January 2020, Defendants paid Plaintiff at an hourly rate of $7.00 per hour for all hours worked per week.

37.     From in or around February 2020 until on or around June 7, 2020 as well as from in or around September 2020 until in or around November 2020, Defendants paid Plaintiff at an hourly rate of $8.00 per hour for all hours worked per week.

38.     Plaintiff and the FLSA Collective Plaintiffs are non-exempt employee pursuant to the FLSA and NJWHL and were entitled to compensation for all hours worked, including their regular hourly rate or the applicable minimum wage, whichever is greater for all hours worked

below forty (40) per week; and overtime compensation for all hours worked in excess of forty (40) per week.

39.     Although Plaintiff and the FLSA Collective Plaintiffs regularly worked more than forty (40) hours per week during their employment with Defendants, Defendants failed to compensate Plaintiff and the FLSA Collective Plaintiffs with the proper minimum wages for all hours worked and overtime wages at a rate of one and one-half times their regular hourly rate or the statutory minimum wage, whichever is greater, for every hours worked in excess of forty (40) per week.

40.     Defendants knew or should have known that their failure to pay Plaintiff and the FLSA Collective Plaintiffs minimum wages and overtime wages was a violation of the FLSA and NJWHL and/or Defendants acted in reckless disregard of the federal and state wage and hour laws.

41.     Defendants' refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to Plaintiff and the FLSA Collective Plaintiffs is an intentional and willful violation of federal and state wage and hour laws.

42.     Defendants violated federal and state law by willfully failing to pay Plaintiff and the FLSA Collective Plaintiffs the applicable minimum wages for all hours worked and overtime wages for all hours worked in excess of forty (40) per week.

43.     Defendants' refusal to pay Plaintiff and the FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of the FLSA and New Jersey's wage laws.

44.     Plaintiff and the FLSA Collective Plaintiffs sustained damages from the acts and omissions described herein.

<u>**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF,**</u>
<u>**INDIVUDALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**</u>
(*Overtime Violations under the FLSA*)

45.     Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations.

46.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

47.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

48.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

49.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

50.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of the total overtime wages due to them.

51.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid

overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations under the New Jersey Wage and Hour Law)*

52.     Plaintiff repeats and realleges all prior allegations.

53.     Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff was entitled to overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

54.     Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

55.     However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

56.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

57.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two hundred percent (200%) of his unpaid overtime wages.

58.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF,
INDIVIDUALLY, AND THE FLSA COLECTIVE PLAINTIFFS**
*(Failure to Pay Minimum Wages in Violation of the FLSA)*

59.     Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and reallege all prior allegations.

60.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wage for all of the hours they worked.

61.     Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wage for all of the hours they worked.

62.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

63.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

64.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of the total overtime wages due to them.

65.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their unpaid minimum

wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Pay Minimum Wages in Violation of New Jersey Wage and Hour Law)*

66.     Plaintiff repeats and realleges all prior allegations.

67.     Pursuant to the applicable provisions of the N.J.S.A. 34:11-56a(4), Plaintiff was entitled to the statutory minimum hourly wage for all of the hours he worked.

68.     Defendants knowingly failed to pay Plaintiff the statutory minimum wage for all of the hours he worked.

69.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

70.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to two hundred percent (200%) of his unpaid minimum wages.

71.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

72.     Plaintiff repeats and realleges all prior allegations.

73.     At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due to him, including minimum and overtime wages, at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

74.     Defendants failed to pay Plaintiff all wages due to him, including minimum and overtime wages, not later than the regular payday for the pay period in which his employment concluded, in violation of N.J.S.A. 34:11-4.3.

75.     As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

76.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of his unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a)  on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c)  on the Third Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all minimum wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d)  On the Fourth Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e)  On the Fifth Cause of Action for all unpaid wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f)  interest;

g) costs and disbursements; and

h) such other and further relief as is just and proper.

Dated: New York, New York
December 1, 2021

KATZ MELINGER PLLC

By: */s/ Katherine Morales*
Katherine Morales, Esq.
280 Madison Avenue, Suite 600
New York, New York 10016
t: (212) 460-0047
f: (212) 428-6811
kymorales@katzmelinger.com
*Attorneys for Plaintiff*