## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

Jose Lao ("Mr. Lao" or "Plaintiff") and Mr. Car Wash of East Orange, Inc., Mr. Car Wash of Irvington, Inc., and Akiva "David" Solomon ("Mr. Solomon") (collectively, "Defendants"), hereby agree upon this Settlement Agreement and General Release ("Agreement") as set forth below. Mr. Lao and Defendants are collectively referred to in this Agreement as the "Parties."

## RECITALS

**WHEREAS**, on December 1, 2021, Mr. Lao commenced an action in the United States District Court for the District of New Jersey styled, *Jose Lao, individually and on behalf of all others similarly situated, v. Mr. Car Wash of East Orange, Inc., Mr. Car Wash of Irvington, Inc., and David "Doe" [Last Name Unknown]*, Civil Action No. 2:21-cv-20291 (the "Action"), in which he alleged that Defendants had committed violations of the federal Fair Labor Standards Act ("FLSA") (including failure to pay minimum wage and overtime compensation), the New Jersey Wage and Hour Law (including failure to pay minimum wage and overtime compensation), and failure to pay timely wages under the New Jersey Wage Payment Law (collectively, the "Claims");

**WHEREAS**, the Parties agreed to negotiate a settlement through a settlement conference before Magistrate Judge Cathy L. Waldor, instead of litigating this matter in court;

**WHEREAS**, the Parties through their respective counsel engaged in extensive arm's-length settlement negotiations regarding settlement of the Claims;

**WHEREAS**, the purpose of this Agreement is to settle fully and finally, and forever compromise and discharge, the Claims and all other claims that the Parties have, had, or may have had against each other;

**WHEREAS**, the Parties expressly acknowledge that nothing in this Agreement, nor the existence of the Agreement itself, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing of any kind by Defendants, nor shall it constitute an admission on behalf of Defendants of any fact or allegation against Defendants. Defendants specifically deny any liability and further avers that they have, at all times, acted lawfully in all respects; and

**WHEREAS**, the Parties have analyzed and evaluated the merits of the Claims made against Defendants and the defenses raised by Defendants, and based upon that analysis and evaluation, and recognizing the substantial risks and expense of litigating the Claims, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of all Parties;

**NOW THEREFORE**, in consideration of the mutual covenants and promises in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree

to a full and complete settlement of the Claims and release of other claims on the following terms and conditions:

1. **No Admission of Liability**. The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Mr. Lao or to anyone else as a result of or arising out of the Claims, Mr. Lao's employment relationship with Defendants, Mr. Lao's separation from employment with Defendants, and/or otherwise.

2. **Payment Schedule.**

(a) In consideration of Mr. Lao's voluntary dismissal of the Action and execution of this Agreement, Defendants shall pay Mr. Lao the sum of FORTY THOUSAND DOLLARS ($40,000.00) (the "Settlement Payment"). Defendants shall deliver the Settlement Payment to Defendants' counsel, Bond, Schoeneck & King, PLLC, attention: Gregory B. Reilly, 600 Third Avenue, 22nd Floor, New York, New York 10016, on or before the date on which Defendants execute this Agreement, and Defendants' counsel shall hold the Settlement Payment in escrow until the Court issues an Order dismissing the Action with prejudice. Within five (5) calendar days of the issuance of the Order dismissing the Action with prejudice, Defendants' counsel shall deliver the Settlement Payment to counsel for Mr. Lao, Katz Melinger PLLC, attention Adam Sackowitz, 370 Lexington Avenue, Suite 1512, New York, New York 10017, by FedEx or other mail service with tracking information.

(b) The Settlement Payment shall be allocated as follows:

(i) One check made payable to Jose Lao in the amount of THIRTEEN THOUSAND THIRTY-FIVE DOLLARS AND THIRTY-FOUR CENTS ($13,035.34), less applicable taxes and withholdings, which shall be reported on an IRS Form W-2 as and for alleged unpaid wages;

(ii) One check made payable to Jose Lao in the amount of THIRTEEN THOUSAND THIRTY-FIVE DOLLARS AND THIRTY-THREE CENTS ($13,035.33), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for alleged liquidated damages; and

(iii) One check made payable to Katz Melinger PLLC in the amount of THIRTEEN THOUSAND NINE HUNDRED TWENTY-NINE DOLLARS AND THIRTY-THREE CENTS ($13,929.33), from which no withholdings shall be taken, which shall be reported on an IRS Form 1099 as and for costs ($894.00) and attorneys' fees ($13,035.33).

(c) Along with the Settlement Payment, Defendants' counsel shall also deliver to Mr. Lao's counsel a statement detailing the taxes and withholdings related to the portion of the Settlement Payment designated in Paragraph 2(c)(i). Defendants shall also issue to Mr. Lao IRS Forms W-2 and 1099 for the portions of the Settlement Payment described in Paragraph 2(c)(i) and 2(c)(ii), respectively. Mr. Lao shall hold Defendants harmless and indemnify Defendants from any payments, penalties, or interest Defendants may be required to make to any taxation authority resulting from Mr. Lao's failure to pay any taxable income arising from his receipt of the Settlement Payment. Notwithstanding the foregoing, Mr. Lao shall bear no responsibility for

Defendants' failure to make any employer's contribution to payroll taxes related to the Settlement Payment.

3. **Dismissal.** Contemporaneous with the execution of this Agreement, counsel for Mr. Lao and Defendants shall execute a Stipulation of Dismissal with Prejudice in the form attached hereto as "Exhibit A." After the Court's receipt and approval of the fully executed Agreement, Defendants' counsel will file the executed Stipulation of Dismissal with Prejudice, without further notice, with the United States District Court for the District of New Jersey.

4. **Default; Retention of Jurisdiction**. The United States District Court for the District of New Jersey shall retain jurisdiction to enforce the terms of this Agreement. Should Defendants fail to timely deliver the Settlement Payment to Mr. Lao's counsel pursuant to Paragraph 2 of this Agreement ("Default"), Defendants shall have seven (7) days to cure the Default from their receipt of written notice of said Default ("Notice of Default"), which shall be delivered to Defendants' via their counsel pursuant to Paragraph 16 of this Agreement. If Defendants fail to timely cure their Default after receiving a written Notice of Default, then Defendants consent to the entry of a judgment in favor of Mr. Lao and against Defendants in the amount of SIXTY THOUSAND DOLLARS ($60,000.00), less any payments made by Defendants pursuant to this Agreement, with interest thereon from February 10, 2023. In addition to the balance of any judgment, Plaintiff shall also be entitled to recover from Defendants all costs and reasonable attorneys' fees arising from and related to Defendants' Default, including without limitation all costs and reasonable attorneys' fees incurred by Plaintiff in entering and enforcing any judgment against Defendants related to Defendants' breach of this Agreement.

5. **Future Employment.** Mr. Lao acknowledges and agrees not to submit any application for employment with Defendants or their affiliates or subsidiaries at any time in the future. Mr. Lao further waives and releases any right to be considered for such employment and agrees that any refusal in the future by Defendants, their affiliates or subsidiaries, shall not constitute discrimination or retaliation by Defendants or their affiliates or subsidiaries.

6. **Release of Claims by Plaintiff.** In consideration for the payments identified in Paragraph 2, Mr. Lao knowingly and voluntarily releases and forever discharges Defendants from the Claims.

7. **Employee's Acknowledgement**. Mr. Lao acknowledges that with the execution and performance of this Agreement, including the Defendants' performance of the terms set forth in Paragraph 2 above and Mr. Lao's Receipt of the Settlement Payment, and except for amounts due in connection with or as described in this Agreement, Mr. Lao has been paid in full for all benefits due and hours worked in each and every week of his employment at Defendants and that Defendants have paid to Mr. Lao all of his earned wages (including minimum and overtime wages in any and every workweek of his employment), commissions, bonuses, incentives, gratuities, accrued vacation pay and other time-off pay, and any other forms of compensation, and that the Defendants owe Mr. Lao no other wages, commissions, bonuses, gratuities, vacation pay, employee benefits, or other compensation or payments of any kind or nature, other than as provided in this Agreement. Mr. Lao further acknowledges that there are no claims pending before any court or administrative agencies, including but not limited to, the New Jersey State Department of Labor or the United States Department of Labor, for the alleged violations covered by this

Agreement. To the extent that such claims are pending in court or before an administrative agency, Mr. Lao agrees to withdraw or discontinue such claims.

8. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New Jersey, without regard to its choice or conflict of laws considerations, and shall bind the Parties and their respective heirs, estates, successors, and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Mr. Lao has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

9. **Attorneys' Fees and Costs.** Each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement, except as otherwise specifically set forth in this Agreement.

10. **Voluntary Settlement; Fair and Reasonable Settlement**. Mr. Lao has entered into this Agreement of his own free will and accord and warrants that he is satisfied with the legal representation and services received from his attorneys, Katz Melinger PLLC, and believes that the Settlement Amount and the allocations, as set forth in Paragraph 2, represent a fair and reasonable compromise of the Claims that were raised.

11. **Venue**. The Parties acknowledge that this Agreement is enforceable in the federal and state courts of New Jersey. The Parties waive any pleas of improper jurisdiction or venue and specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in any court of proper jurisdiction in New Jersey.

12. **No Other Representations or Agreements**. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter hereof, except the terms set forth in this Agreement.

13. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing that is signed by the Parties and that contains specific reference to this Agreement.

14. **Prevailing Party Fees**. Unless otherwise stated in this Agreement, in the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing Party shall be entitled to recover from the other reasonable attorneys' fees and costs.

15. **Notices.** Unless otherwise provided for in this Agreement, written notices must be sent by e-mail and/or facsimile.

(a) Notices to the Defendants shall be sent to the Defendants' counsel: Gregory B. Reilly, Esq. (greilly@bsk.com) of Bond, Schoeneck & King, PLLC, 600 Third Avenue, 22nd Floor, New York, New York 10016, Fax: (646) 253-2301.

   (b) Notices to Mr. Lao shall be sent to his counsel: Adam Sackowitz, Esq. (AJSackowitz@KatzMelinger.com) of Katz Melinger PLLC, 370 Lexington Avenue, Suite 1512, New York, New York 10017, Fax: (212) 428-6811.

   **16.** **Execution in Counterpart**. This Agreement may be executed in counterparts by each Party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any electronic signature or signature made and transmitted by facsimile/electronic mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile/electronic mail.

   **17.** **Arm's Length Transaction**. The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized and experienced counsel.

   **18.** **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties, and the Parties' heirs, trustees, executors, administrators, successors and assigns of the respective Parties.

   **19.** **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

   **[Remainder of page intentionally left blank. Signature page to follow.]**

**Execution of the Agreement by the Parties:**

| PLAINTIFF | DEFENDANTS |
|---|---|
| | Mr. Car Wash of East Orange, Inc. |
| *[signed] Jose Lao* | |
| _____ | _____ |
| Jose Lao | By:_____ |
| Dated: 2/16/2023 | Dated:_____ |
| | |
| | Mr. Car Wash of Irvington, Inc. |
| | |
| | _____ |
| | By:_____ |
| | Dated:_____ |
| | |
| | _____ |
| | Akiva "David" Solomon |
| | Dated:_____ |
| | |
| | ESCROW AGENT |
| | Bond Schoeneck & King PLLC |
| | By: _____ |
| | Gregory B. Reilly, Esq. |
| | Dated: _____ |

**Execution of the Agreement by the Parties:**

PLAINTIFF

_____
Jose Lao

Dated:_____

DEFENDANTS

Mr. Car Wash of East Orange, Inc.

By: _AKIVA SOLOMON_____
Dated: 3/1/23

Mr. Car Wash of Irvington, Inc.

By: _AKIVA Solomon_____
Dated: 3/1/23

_____
Akiva "David" Solomon
Dated: 3/1/23

ESCROW AGENT

Bond Schoeneck & King PLLC

By: _____
Gregory B. Reilly, Esq.

Dated: 03/10/23

6

**SO ORDERED:**

_____

Honorable Cathy L. Waldor

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOSE LAO, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

MR. CAR WASH OF EAST ORANGE, INC., MR. CAR WASH OF IRVINGTON, INC., and DAVID "DOE" [LAST NAME UNKNOWN],

                Defendants.

Docket No. 2:21-cv-20291

---

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys of record for the Parties to the above-entitled action, that the above-entitled action is hereby dismissed with prejudice and without attorneys' fees or costs to any Party as against the other pursuant to Fed.R.Civ.P. 41(a).

IT IS FURTHER HEREBY STIPULATED AND AGREED that this stipulation may be filed with the Clerk of the United States District Court for the District of New Jersey, without further notice.

SO STIPULATED:

| | |
|---|---|
| **KATZ MELINGER PLLC** | **BOND SCHOENECK & KING PLLC** |
| By: _____ <br> Adam Sackowitz, Esq. <br> 370 Lexington Avenue, Suite 1512 <br> New York, New York 10017 <br> *Attorneys for Plaintiff* | By: _____ <br> Gregory B. Reilly, Esq. <br> 600 Third Avenue, 22nd Floor <br> New York, New York 10016 <br> *Attorneys for Defendants* |

March 10, 2023

**SO ORDERED:**

_____

Honorable Cathy L. Waldor