IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE LAO, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>                      v.<br><br>MR. CAR WASH OF EAST ORANGE, INC., MR. CAR WASH OF IRVINGTON, INC. and DAVID "DOE" [LAST NAME UNKNOWN],<br><br>                      Defendants. | **ORDER APPROVING SETTLEMENT**<br><br>Civil Action No. 2:21-cv-20291 |

THIS MATTER having been opened to the Court on the letter motion (the "Motion") of Adam Sackowitz, Esquire, of the law firm of Katz Melinger PLLC, attorneys for Plaintiff Jose Lao ("Plaintiff"), made jointly with Gregory Reilly, Esq., of the law firm Bond Schoeneck & King, attorneys for Defendants Mr. Car Wash of East Orange, Inc., Mr. Car Wash of Irvington, Inc., and David Doe ("Defendants"), for an Order approving the parties' settlement of the above-captioned matter; and for good cause shown; and the for reasons set forth in the parties' letter brief dated April 14, 2023; (ECF No. 38);

IT IS on this 17th day of April, 2023; **ORDERED AND ADJUDGED** as follows:

**FINDINGS OF FACT**

    1. Plaintiff was employed by Defendants as a car wash assistant from in or around September 2015 until on or around June 7, 2020, and then again from in or around September 2020 until in or around November 2020. As a car wash assistant, Plaintiff's principal job duties included, *inter alia*, washing, drying, and detailing cars.

    2. From in or around September 2015 until on or around June 7, 2020 (with an approximate two-month gap due to COVID), Plaintiff worked at Defendants' East Orange location. From in or around September 2020 until in or around November 2020, Plaintiff worked at Defendants'

Irvington location. At both locations, Plaintiff claimed he worked Mondays through Sundays from approximately 8:00 a.m. until approximately 7:00 p.m., for a total of approximately seventy-seven (77) hours per week during his tenure at both locations.

3. Plaintiff alleged in this lawsuit that he was paid $7.00 per hour for all hours worked from in or around September 2015 until in or around January 2020 and $8.00 per hour for all hours worked during the remainder of his employment. Plaintiff also alleged that he received roughly $30.00 in tips each week he worked. Plaintiff claimed that Defendants did not pay him for all days and hours worked.

4. Based on the foregoing, Plaintiff estimated that he was owed $31,510.75 in unpaid minimum and overtime wages, plus liquidated damages, interest, the costs of this litigation, and reasonable attorneys' fees.

5. Defendant disagreed with Plaintiff's estimate because the car wash industry is highly seasonal and weather dependent resulting in the car wash locations frequently being closed due to weather or open for only limited hours. As a consequence, Defendant asserted that Plaintiff worked on a per diem basis with far fewer days and hours worked than the Plaintiff asserted. Defendants' estimated actual liability, if any, was limited to $41.

6. Plaintiff had no records of his days and hours worked other than his memory. Defendants had some handwritten records of days and hours worked, but they were incomplete and not kept contemporaneously during Plaintiff's employment. Defendants did not have electronic time records, payroll evidence, or pay stubs.

7. Accordingly, the parties' dispute over days and hours worked created fact and credibility issues.

**CONCLUSIONS OF LAW**

8. Plaintiff filed this lawsuit asserting legal claims of claims for minimum wage and overtime violations pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a(4) ("NJWHL"); and for failure to timely pay wages pursuant to the New Jersey Wage Payment Law ("NJWPL").

9. The above-referenced laws required Defendants to timely pay minimum wage and overtime for all hours worked and to maintain records evidencing Defendants' compliance. *See* 29 U.S.C. §211(c) (providing that "[e]very employer * * * shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him.").

10. Defendants' failure to maintain adequate records does not necessarily result in the conclusion that Plaintiff was not paid appropriately, but it does raise a disputed material fact that can only be resolved by a credibility determination. *See e.g., Adami v. Cardo Windows, Inc.*, No. CIV. 12-2804 JBS/JS, 2014 WL 2586933 (D.N.J. June 10, 2014). Such a credibility determination creates risks for both sides of this dispute.

11. The $40,000 settlement of this case by payment in a lump sum to the Plaintiff is a reasonable and fair compromise of the parties' respective positions considering the time, inconvenience, costs and risks associated with continued litigation of this matter. Likewise, Plaintiff's counsel's proposed $13,035.33 attorneys' fee and costs award is reasonable and fair for the reasons set forth in Plaintiff's letter brief dated April 14, 2023. (ECF No. 38).

12. In light of the parties' settlement and the Court's approval thereof, all claims that the parties raised in this action are hereby DISMISSED WITH PREJUDICE. The Court will

nevertheless maintain jurisdiction over this matter to enforce the terms of the settlement. The Clerk of the Court is hereby directed to close this case.

**SO ORDERED**

Date: April 17, 2023

                                                        s/ Cathy L. Waldor_____
                                                       Hon. Cathy L. Waldor
                                                       United States Magistrate Judge